IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAURA H.G. O'SULLIVAN, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:23-cv-01115-PX |
| SUSAN LINDAUER, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Pending in this foreclosure action is the motion to remand filed by Plaintiff substitute trustees. ECF No. 10.[1] The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Because Defendant's removal is untimely, Plaintiffs' motion to remand is GRANTED.

On or about February 20, 2007, Defendant Susan Lindauer obtained a mortgage loan from American Heritage Lending Corporation secured by a deed of trust on the real property at 232 Manor Circle, Takoma Park, Maryland ("the Property"). *See* ECF No. 10-1. Six years later, Lindauer defaulted on her loan. She has not made any mortgage payments since July 2, 2013. ECF No. 10 at 3.

On November 30, 2015, substitute trustees Laura H.G. O'Sullivan, Chastity Brown, Diana C. Theologou, Erin M. Shaffer, Lauren Bush, Kelly Lynn Howard, and Laura T. Curry filed a foreclosure action (*O'Sullivan, et al. v. Lindauer*, No. 412218V) in the Circuit Court for Montgomery County, Maryland. *See* ECF No. 3. Lindauer thereafter attempted to file "counterclaims" against other entities including the loan servicer, Ocwen Loan Servicing, which

---

[1] Interested Party Talent Renovations, LLC also moves for remand in its capacity as foreclosure purchaser. ECF No. 8. Because the Court remands the matter, it need not reach this motion.

the state court dismissed with prejudice.  ECF No. 10-2.  Lindauer also filed new actions against Ocwen in both state and federal court, which were eventually dismissed.  *See* ECF Nos. 10-3 & 10-4; *Lindauer v. Ocwen Loan Servicing, LLC*, No. 19-39-PWG, at ECF No. 56.

Ultimately, the Property was sold in a foreclosure sale on August 5, 2022.  ECF No. 10-5.  Lindauer, in response, filed "Exceptions to Foreclosure Sale."  *Id.*  The Circuit Court rejected those exceptions and ratified the sale on April 17, 2023.  *Id.*  One week later, Lindauer filed a "Motion to Strike Ratification of Trustee Sale."  ECF No. 10-6.  But before the Circuit Court could rule on that motion, Lindauer noted removal of the foreclosure action on April 26, 2023.  ECF Nos. 1; 3.  Plaintiffs now move to remand, arguing that Lindauer's removal is untimely.  ECF No. 10 at 6.  The Court agrees.

A state action that originally could have been brought in federal court may be removed pursuant to 28 U.S.C. § 1441.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  However, 28 U.S.C. § 1446 expressly provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  Where grounds for removal are plain, and the removing party has simply failed to comply with § 1446, then remand is warranted.  *See Lovern v. General Motors Corp.*, 121 F.3d 160, 161–62 (4th Cir. 1997); *see also FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998).

Plaintiffs commenced the state foreclosure action in November 2015.  ECF No. 3.  Lindauer did not note removal until April 2023, over **seven years** beyond the 30-day window set forth in § 1446.  Lindauer nonetheless appears to contend that removal remains timely under §

1446(b)(3) because the foreclosure ratification constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." ECF Nos. 1 at 1–3, 7; 17 at 2–3. Lindauer asserts that she only became aware of the basis for removal—as relating to the "federal insurance" on her mortgage—once the sale of the property was ratified. *Id.* But this argument is baseless. The nature of the insurance has been ascertainable since the beginning of the foreclosure action. ECF No. 1 at 1–3. Thus, because the notice of removal is untimely, the matter will be remanded.[2]

Based on the foregoing, it is this 19th day of September 2023, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' Motion to Remand (ECF No. 10) BE, and the same hereby IS, GRANTED;

2. Talent Renovations' Motion to Remand (ECF No. 8) BE, and the same hereby IS, DENIED as moot;

3. The Clerk SHALL REMAND this action to the Circuit Court for Montgomery County, Maryland, for further proceedings;

4. The Clerk shall TRANSMIT and MAIL copies of this Memorandum Opinion and Order to the parties and the Clerk of the Court for the Circuit Court for Montgomery County, Maryland; and

5. CLOSE this case.

9/19/2023  
Date

/S/  
Paula Xinis  
United States District Judge

---

[2] Plaintiffs also request that the Court exercise its discretion to award them costs and attorneys' fees under 28 U.S.C. § 1447(c). ECF No. 10 at 13. Considering Lindauer's pro se status and the lack of obvious bad faith, the Court declines to impose such costs. *See In re Lowe*, 102 F.3d 731, 733 n. 2 (4th Cir. 1996).